## AFFIDAVIT OF SPECIAL AGENT ANDREW J. KELLEHER IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Andrew J. Kelleher, Special Agent with the Department of Homeland Security, Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with United States Department of Homeland Security (DHS), Immigration and Customs Enforcement, Homeland Security Investigations (HSI). I have been employed as a Special Agent of DHS, HSI since 2009, and am currently assigned to the Boston Field Office. I am authorized to investigate crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training to become a federal agent; specifically, I received certification in the Criminal Investigator Training Program and the ICE Special Agent Training Program. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, as well as training in digital evidence recover and analysis. I have a Bachelor of Science degree in Sociology, and a Master of Arts degree in Criminal Justice. Prior to my employment with DHS, HSI, I was employed as a Deputy Sherriff in Suffolk County Massachusetts for approximately 4 years.

2. I submit this affidavit in support of a criminal complaint charging Phillip Hong, YOB 1994, of Sharon, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause

1

to secure a criminal complaint, I have not included each and every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. Based on the information set forth in Exhibit A, attached hereto under seal, agents from HSI-Boston began investigating HONG for potential violations of 18 U.S.C. § 2252A.

5. On March 28, 2018, I went to 12 Hampshire Street in Sharon, Massachusetts, with an FBI Task Force Officer (TFO) and knocked on the door. HONG ultimately answered the door and invited us inside to talk.

6. The TFO and I accompanied HONG to the kitchen area of the residence. Portions of the ensuing conversation are recounted in summary below.

7. In the course of the conversation, HONG admitted to using the TOR network to access a website that charged for access to child pornography. HONG indicated that he paid for access to the website with Bitcoin, and he was able to download multiple files of child pornography. HONG stated that he last visited this website in 2017.

8. We asked HONG if we could look at some of his devices. After some consideration, HONG stated that he would grant consent to search his devices and executed a written Consent to Search form. HONG provided us three devices to be searched: a black custom-built desktop computer, a Toshiba external hard drive that was connected to the desktop computer, and a MotoX mobile phone, for which he provided the passcode.

9. HONG told us that there were "a lot" of child pornography files on the computer, and that the files were saved in various locations. HONG directed us to the "downloads" folder of the C drive. I viewed the contents of that folder and observed file names that, based on my training and experience, I know are consistent with naming conventions for child pornography.

10. I informed HONG that the computers and media that he provided us would be searched at the HSI Boston Computer Forensics Laboratory.

11. During a preliminary forensic examination of the devices provided by HONG, agents observed evidence of HONG's receipt and possession of child pornography. Included among the videos are the following:

   a. _ARESTRA_pthc 2017 daddys little girl jm 18 part with sound, 1min 51.mp4 – This video, located in the "downloads" folder on the custom-built computer, is approximately one minute and 51 seconds in length. It depicts a nude prepubescent female child who appears to be approximately seven to eight years old laying on her back on what appears to be a couch. The child's legs are spread apart, exposing her vagina, and a nude adult male is positioned on his knees between the female's legs, penetrating her vagina with his penis.[1] The "created date" of this file is 10/2/17.[2]

   b. VICKY-bond1-pip.avi – This video, located on the Toshiba external hard drive that was connected to HONG's computer at the time of the above-described interview, is 19 minutes and 49 seconds in length. It depicts a nude prepubescent female child who appears to be approximately seven years old. The child's hands and feet are bound and she is wearing a mask on her face. At various times throughout the video, an adult male is seen vaginally penetrating her with different objects and penetrating both her mouth and anus with his penis.[3]

---

[1] Still images from this video are available for the Court's review.
[2] A file's "created date" is typically the date that the file was created (i.e., saved) in a particular location on a particular device. I have received information from colleagues involved in the investigation outlined in Exhibit A, which indicates that this is one of the files that was available for download from The Website.
[3] Still images from this video are available for the Court's review.

## CONCLUSION

12. Based on the foregoing, I submit that there is probable cause to believe that:

   a. On or about October 2, 2017, HONG knowingly received any child pornography that has been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

   b. On or about March 28, 2018, HONG knowingly possessed any material that contains an image of child pornography that has been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
Andrew J. Kelleher
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me on March 30, 2018.

Marianne B. Bowler, USMJ
HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

I have reviewed still images from the videos described in paragraph 11 above, and I find probable cause to believe that the images depict minors engaged in sexually explicit conduct. The Affiant shall preserve said images for the duration of the pendency of this matter, including any relevant appeal process.

Marianne B. Bowler, USMJ
HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

4