UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 18-CR-10212-MLW |
| | ) | |
| PHILLIP HONG, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Phillip Hong pled guilty to the above-docketed indictment, which charges him with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). For the reasons discussed below and to be outlined at the sentencing hearing, the government respectfully requests that this Court impose a low-end Guideline sentence, which includes a term of incarceration of 97 months.

### FACTS

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 7 through 13 of the Presentence Investigation Report ("PSR").

### DISCUSSION

**I.    Sentencing Guideline Calculation**

Based on its computation of the defendant's total offense level as 30 and his criminal history category as I, the United States Probation Office ("Probation") has computed a Guideline sentence in this case to include a term of incarceration from 97 months to 121 months; the Guideline range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category [PSR 17-32], and thus agrees with its determination of his Guideline sentencing range (GSR) as outlined above.

The government does not believe there are any other legal questions not adequately addressed in the PSR. The government will submit restitution requests to the Court and counsel for the defendant; the parties do not believe that determination of an appropriate restitution figure will require an evidentiary hearing.

**II.** **<u>Application of the Section 3553(a) Factors</u>**

The GSR as calculated here – 97 to 121 months – does represent, indeed, a significant range of punishment. The recommended punishment, however, is one that reasonably fits the crime that the defendant has pled guilty to. Based on an evaluation of all of the § 3553(a) factors, this Court should impose a low-end Guideline sentence, which, in this case, is 97 months.

The government recognizes that it is difficult to quantify exactly how many months would satisfy the Court's obligation to impose a sentence that is just, that would adequately deter both this defendant and others who might commit the same type of crime, and that would protect the most vulnerable members of our society. Ultimately, this Court can be confident that a Guidelines sentence will achieve all of these goals of sentencing.

A significant sentence is necessary to reflect the gravity of the defendant's crimes. As the Sentencing Commission found in its 2012 report to Congress,[1] "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the sexual exploitation of children." [Id. at 311]. This is especially true here, where the defendant

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf.

accessed child pornography in a forum populated entirely by others who *value*, rather than vilify, the sexual exploitation of children, and in ways that typically are successful in avoiding detection by law enforcement. That is, the defendant was discovered not by way of his IP address, as is usually true in child pornography cases that come before the Court; but rather, because law enforcement had happened to infiltrate the particular hidden service he was accessing on the Dark Web. Even then, the defendant's identity as an active participant in that network was unveiled only by tracing his Bitcoin transactions. This defendant was a true consumer of child pornography – perhaps as part of his effort to keep his identity hidden (and himself protected from the consequences that this Court now sits prepared to dispense), he was willing to pay to access what law enforcement believes was the largest known collection of child pornography in one place.

A Guideline sentence is entirely reasonable and warranted in this case. The specific enhancements here are not simply applied as inherent to the offense, but adequately and accurately reflect the nature and circumstances of the offense, as described briefly below:

a. **§ 2G2.2(b)(2) (prepubescent minor):** There are many cases where defendants possess, distribute, receive, and produce images of children who are *not* prepubescent. The distinction between pubescent and prepubescent victims is an important one for this (and all) courts to consider, given that a victim's vulnerability is often directly correlated to his or her age.

b. **§ 2G2.2(b)(4)(A) (sadistic/masochistic conduct or exploitation of toddler)**: For the same reasons, the distinction between sadomasochistic violence and other types of sexual exploitation (or toddler or infant victims and older child victims) is important for the Court to take note of. Again, not all defendants are interested in every type of

3

exploitation – but as a consumer of this type of material, the defendant drives the production of such material, and should be appropriately held accountable for such.

c. **§ 2G2.2(b)(6) (use of computer)**: The government concedes that in many cases, the application of this enhancement does make less sense than some others, given that virtually all child pornography offenses today involve the use of computers. This case, however, stands apart from the new "norm," given the defendant's use of the dark web and virtual currency, both of which allowed him to access a domain both larger in scope than others known to law enforcement and harder for them to detect and police. This is exactly the type of case that merits the "use of computer" enhancement.

d. **§ 2G2.2(b)(7)(D) (number of images):** The government recognizes that it is relatively easy to "get to" 600 images when videos are included in a defendant's collection. That does not render the enhancement meaningless. If a picture says a thousand words, a video screams them from the rooftops. Here, the defendant's collection included thousands of images and hundreds of videos depicted the rape and abuse of children. The government is not asking the Court to watch any of the videos that this defendant saved; the undersigned has done so and has selected screenshots for the Court's review instead.[2] While having to endure such a task is traumatic, it does not necessarily result in a sentencing recommendation that is fueled by disgust, or outrage, or, frankly, despair. Instead, it reminds the government that the victims of this defendant's crimes are real, live children, who are raped or otherwise exploited *solely* for the pleasure of people like this defendant – who are *not* traumatized by having to watch other people

---

[2] The government will provide copies to the Court at the sentencing hearing and will retain the images following the hearing.

sexually abuse or encourage the exploitation of children around the world, but who choose to do so because they either prefer it or need it for their own sexual gratification. Videos *should* be weighted more heavily than images. The enhancement is not meaningless – for the reasons described above, it is essential to avoid the desensitization that has beset us legal professionals as a byproduct of prosecuting, defending, and sitting in judgment of those that violate our child pornography laws.

This Court must view with significant skepticism any conclusory statement that *this* defendant presents little risk to recidivate (i.e., be *caught* reoffending). Conversely, the fact that the defendant appeared to be a functioning member of society whose criminal conduct came as a shocking revelation to those who knew and loved him best demonstrates that we cannot rely on arrest statistics to inform us about true danger (i.e., the protection of the public), and there is no reason to believe that anything but a lengthy term in prison will deter this defendant from committing similar offenses in the future. Similarly, the fact that the defendant comes before this Court with no prior record is not a mitigating factor in the context of these offenses. The defendant's record was taken into consideration in the calculation of his criminal history category. See, e.g., United States v. Oberg, 877 F.3d 261 (7th Cir. 2017)(district judge properly noted that defendants in child pornography cases often have limited criminal histories).

The defendant's argument that the inevitable collateral consequences that will flow from his conviction would compensate for a significant variance from the Guidelines is similarly unavailing. The cases that the defendant cites are wholly distinguishable from the case at bar: in Gardellini, the court found appropriate the district court's consideration of mental and personal stress among contemplation of other § 3553(a) factors in the context of income tax evasion; in Pauley, the court approved of the district court's consideration of the loss of teaching license by a

5

teacher who bought nude polaroids from a student; and in Garate, the court accepted sex offender registration as one of a host of permissible factors that the district judge considered in sentencing a defendant who, at 19 years old, had sexual intercourse with a 13-year-old. This is not those cases. This is a case where, for the reasons outlined above, a Guideline sentence is reasonable and warranted.

The government recognizes that it is always difficult to quantify in years "how much" is "enough" to adequately punish the defendant, deter similar criminal conduct, and protect the public. While the guideline sentence here is significant, it is not only reasonable, but necessary in this case to promote respect for the law, to adequately punish the defendant for his criminal conduct, to deter him and others from offending in the same ways again, and for long-term protection of the public.

**CONCLUSION**

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of 97 months in prison and a period of 5 years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

ANDREW E. LELLING
United States Attorney

Date: April 10, 2019            By:     /s/ Anne Paruti
                                        Anne Paruti
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        One Courthouse Way
                                        Boston, MA 02210
                                        617-748-3310

**CERTIFICATE OF SERVICE**

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:


Date: April 10, 2019 /s/ Anne Paruti
                                                                           Anne Paruti
                                                                           Assistant United States Attorney